# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| COURTNEY GRAVES, ESQ., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 1:21-cv-1367 |
| ) | |
| FOULGER-PRATT COMPANIES, LLC, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANT COMPLIANCE ENVIRONMENTAL INTERNATIONAL, INC.'S MEMORANDUM IN SUPPORT OF ITS FEDERAL RULE 4(m), RULE 12(b)(1), AND 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Compliance Environmental International, Inc. ("CEI"), by counsel Carr Maloney P.C., and pursuant to Fed. R. Civ. P. 4(m), 12(b)(1), and 12(b)(6), moves this Court to dismiss the Complaint of *pro se* Plaintiff Courtney Graves[1] for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, and support states as follows:

### FACTUAL BACKGROUND

In December 2021, Plaintiff Courtney Graves filed this action seeking damages in the amount of $1,500,000 against CEI, among others, alleging a vast conspiracy among the Defendants to cover up contaminate particles in The Thornton, an apartment complex in Alexandria where she

---

[1] **WARNING PURSUANT TO LOCAL RULE 7(K)**

(1) The *pro se* party is entitled to file a response opposing the motion and that any such response must be filed within twenty-one (21) days of the date on which the dispositive or partially dispositive motion is filed; and
(2) The Court could dismiss the action on the basis of the moving party's papers if the *pro se* party does not file a response; and
(3) The *pro se* party must identify all facts stated by the moving party with which the pro se party disagrees and must set forth the pro se party's version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that is signed under penalty of perjury); and
(4) The *pro se* party is also entitled to file a legal brief in opposition to the one filed by the moving party.

was a resident from August 2019 to October 2020. Plaintiff claims that her apartment was contaminated with asbestos, crystalline silica, carbon dioxide, and other contaminants, which caused her various health issues when these contaminants were disturbed while she was vacuuming her carpet in September 2019. In the 116-paragraph Complaint, Plaintiff does not identify any specific medical diagnosis arising from her alleged exposure to hazardous materials, though she cites a number of negative health effects.

Over one year after filing—well beyond the 90-day requirement of Fed. R. Civ. P. 4(m)—Plaintiff served CEI with this suit. Plaintiff alleges that CEI was responsible for performing the asbestos abatement verification at the Hunting Terrace apartment complex at 1199 S. Washington St. in Alexandria, Virginia. Hunting Terrace preceded The Thornton apartment building, where she was a resident. She claims that CEI completed an asbestos abatement verification in March 2016, around the time that the Hunting Terrace complex was demolished. Plaintiff does not allege that CEI performed the asbestos abatement project. Plaintiff brings one cause of action against CEI, in Count VI: Conspiracy 18 U.S.C. § 371. She claims that CEI, along with the other named Defendants, "conspired to conceal fraudulent and negligent misconduct that exposed the Plaintiff and public to risk of harm." Compl. ¶ 105. Of note, the statute under which Plaintiff has brought her claim against CEI is part of the United States Criminal Code and provides no private right of action.

## LEGAL STANDARD

**I.**     **Legal standard under Federal Rules of Civil Procedure 12(b)(1).**

"When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing

*Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.*

## II.     Legal standard under Federal Rules of Civil Procedure 12(b)(6).

A plaintiff's "obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions" in order to survive a 12(b)(6) motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009). "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## ARGUMENT

## I.     The Court lacks subject matter jurisdiction to hear Plaintiff's claim against CEI because she is suing under a federal criminal statute for which she has no standing to enforce.

"In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973). Indeed, black letter law is unequivocal that "[n]o citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990).

Plaintiff has alleged that this Court has jurisdiction to adjudicate her claim on the basis of federal question jurisdiction, 28 U.S.C. 1331, citing a number of statutes regarding administrative enforcement of the Clean Air Act and Fair Debt Collection Act, as well as various sections of the United States Criminal Code relating to conspiracy, fraud, false statements, and witness

intimidation. As noted above, Plaintiff's cause of action against CEI arises from 18 U.S.C. §371 "Conspiracy to commit offense or to defraud United States." That statute makes it a federal crime for "two or more persons [to] conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any matter or for any purpose" requiring that "one or more of such persons do any act to effect the object of the conspiracy." 18 U.S.C. §371. Violation of §371 is punishable by monetary fine and imprisonment of not more than five years. *Id.*

But, of particular relevance, 18 U.S.C. §371 provides *no private right of action* for individual citizens to bring civil suits to enforce its provisions. In fact, Plaintiff has not alleged that this statute provides a private right of action, nor has she identified any other cognizable source of jurisdiction over her claim against CEI. Plaintiff, as an individual citizen, lacks standing to seek enforcement of the federal criminal code through a civil suit. Without an actionable federal question to adjudicate, this Court lacks subject matter jurisdiction over Plaintiff's claim against CEI. Accordingly, this action should be dismissed against CEI, with prejudice.

**II.     Plaintiff has failed to state a claim against CEI upon which relief can be granted.**

To rise above the requirements of Rule 12(b)(6), a complaint must contain allegations that, if all accepted as true, would "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). Appropriately, a complaint ought to be dismissed where, as here, assuming all of the plaintiff's factual allegations were all true and correct, the legal theory under which she brings the suit does not provide for any plausible relief. When a complaint brings a claim in Federal Court under a statute giving the plaintiff no private legal right to pursue, that action fails to state an actionable claim and ought to be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *See Taylor v. Ahold, USA/Martin's Food & Pharmacy*, No. 3:16-CV-248, 2016 WL

4

1752763, at *2 (E.D. Va. May 2, 2016) (dismissing a count brought under 18 U.S.C. § 2319 because that federal criminal statute does not have a civil suit provision).

Here, dismissal is appropriate. The legal theory upon which Plaintiff claims relief would provide no cognizable recovery even if she were able to prove all of her allegations as true. Plaintiff has no right to bring a civil suit under 18 U.S.C. §371: only the United States Government has the right to initiate an action under that code provision. Moreover, §371 provides no private recovery; the only remedies considered in §371 is a monetary fine paid to the United States Government and imprisonment. So, even if she succeeded on the merits of her conspiracy claim, the Court would be unable to provide her any legal redress. Because Plaintiff has no cognizable theory of recovery under this unactionable criminal statute, she has failed to state a claim against CEI. Consequently, her claim against CEI should be dismissed, with prejudice.

### III. Plaintiff's one-year delay in serving CEI with the Complaint is cause for dismissal under Rule 4(m).

Finally, it should be noted that Plaintiff's failure to serve CEI within the 90-day requirement espoused in Fed. R. Civ. P. 4(m) is, alone, cause for dismissal of this action. Indeed, Plaintiff was not just minimally late in serving CEI: she served CEI one full year after filing this suit, and after various co-Defendants had filed motions to dismiss raising arguments similar to those in the instant Memorandum.

Fourth Circuit law permits discretion to the trial court in determining whether to grant an extension for a plaintiff to serve an action outside of the 90-day window. *Gelin v. Shuman*, 35 F.4th 212, 219 (4th Cir. 2022). While this Court certainly has discretion in determining whether to extend Plaintiff's window for service, absolutely no circumstances are present here to justify an extension of the 90-day period. Ms. Graves is not an ordinary *pro se* plaintiff; she is a member of the Washington D.C. and Massachusetts bar, and is presumably familiar with the Federal Rules of

Civil Procedure. Plaintiff was not modestly delinquent in serving CEI with the Complaint. She served CEI roughly 270 past the Rule 4(m) deadline. In the intervening months, various co-Defendants were served with the Complaint and moved to dismiss the action against them. As discussed, *infra*, this claim is meritless; any grant of an extension of time for Plaintiff to serve CEI would not change the fact that this Court plainly lacks subject matter jurisdiction over Plaintiff's suit against CEI. Though the Court need not demonstrate good cause to extend the period of time for Plaintiff to serve this Complaint, *sua sponte*, the circumstances present in this matter demonstrate that there is no justification for Plaintiff's delinquency, and no extension will cure the faults in her suit against CEI. Rule 4(m) justifies dismissal of this action as it pertains to CEI. However, given that Rule 4(m) contemplates dismissal only without prejudice, CEI asks this Court to dismiss the case under this Rule only if it denies CIE's Motion to Dismiss under Rule 12, as discussed above.

## CONCLUSION

FOR THESE REASONS, Defendant Compliance Environmental International, Inc. respectfully requests that this Court grant its Motion to Dismiss and dismiss this Complaint against it, with prejudice, and grant any other relief which this Court deems appropriate.

                                              COMPLIANCE ENVIRONMENTAL
                                              INTERNATIONAL, INC.
                                              By Counsel

                    CARR MALONEY P.C.

                    /s/ Colin D. Neal
Jan E. Simonsen #29152
Colin D. Neal #95910
2000 Pennsylvania Ave, N.W.
Suite 8001
Washington, D.C.  20006
(202) 310-5500 (phone)
(202) 310-5555 (fax)
Jan.Simonsen@carrmaloney.com
Colin.Neal@carrmaloney.com

7

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true copy of the foregoing Motion for Leave and was electronically filed, emailed, and mailed, first class, postage prepaid, on this 26th day of January, 2023 to:

> Courtney Graves
> 200 N. Washington Street
> Unit 320547
> Alexandria, VA 22320
> courtneygravesesq@gmail.com
> *Pro Se*
>
> Craig Lawrence Sarner
> Robert Michael Trumble
> Kiernan Trebach LLP
> 1233 20th Street, NW
> 8th Floor
> Washington, DC 20036
> csarner@kiernantrebach.com
> MTrumble@KiernanTrebach.com
> *Counsel for Defendants Foulger-Pratt Companies, LLC,*
> *Foulger-Pratt Residential, LLC,*
> *Foulger-Pratt Management, LLC,*
> *Foulger-Pratt Development, LLC,*
> *Foulger-Pratt Contracting, LLC,*
> *Thornton Residential Holdings Title Holder LLC,*
> *Thornton Residential Holdings LLC,*
> *FP Alexandria, LLC,*
> *Sreit Thornton at Alexandria, L.L.C.*
>
> Joseph Earl Blackburn , III
> William Delaney Bayliss
> Williams Mullen
> 200 South 10th Street
> Suite 1600
> PO Box 1320
> Richmond, VA 23219
> jblackburn@williamsmullen.com
> bbayliss@williamsmullen.com
> *Counsel for Defendant R. Christopher Goodwin & Assocs., Inc.*

David D. Hudgins
Hudgins Law Firm PC
2331 Mill Road
Suite 100
Alexandria, VA 22314
emailbox@hudginslawfirm.com
*Counsel for Defendant Robert J. Robertson*

Richard H Sedgley
Aqualaw PLC
6 S. 5th Street
Richmond, VA 23219
dick@aqualaw.com
*Counsel for Defendant City of Alexandria*

John Raftery
Offit Kurman
300 E Lombard Street
Suite 2010
Baltimore, MD 21202
jraftery@offitkurman.com
*Counsel for Defendant Offit Kurman, P.A.*

Andrew Biondi
Sands Anderson PC
1111 E Main Street
Bank of America Center Suite 2400
P.O. Box 1998
Richmond, VA 23218-1998
abiondi@sandsanderson.com
*Counsel for Defendant Hunter Warfield, Inc.*

       /s/ Colin D. Neal
      Colin D. Neal